NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DESMOND KWAME MENYONGARI, *Appellant*.

No. 1 CA-CR 20-0160
FILED 2-18-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-107034-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Desmond Kwame Menyongari has advised the court that, after searching the entire record, he is unable to discover any arguable questions of law and filed a brief requesting this court conduct an *Anders* review of the record. Menyongari was given the opportunity to file a supplemental brief pro se, but he did not do so. This court has reviewed the briefs and the record, and finding no reversible error, we affirm Menyongari's burglary conviction and resulting sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2 A.G. rented a room in her home to J.R. J.R. owned a black-and-yellow mountain bike and A.G. owned a teal beach cruiser, and both bikes were stored in the house's backyard.

¶3 On February 12, 2019, A.G. was working when she received a notification from the house's video-surveillance cameras. She looked at her phone and saw a suspect, later identified as Menyongari, steal both bicycles from the backyard. A.G. called J.R., who told her he had not given anyone permission to borrow his bike. A.G. grabbed her gun and drove to her house to search for the bicycles. While she was driving, she saw both bicycles at a bus stop near her home and called the police. As she waited for the police to arrive, she noticed Menyongari was wearing the same clothing and bright shoes that she saw in the surveillance video.

¶4 Police arrived at the bus stop and saw Menyongari and the bicycles. The responding officer noted Menyongari matched the description of the suspect. When asked, Menyongari explained he was watching the bicycles for a friend. Police arrested Menyongari, searched his backpack, and found two pipes used to smoke methamphetamine and a crystal-like substance in a plastic baggie that was later identified as methamphetamine. Menyongari said the backpack was not his.

¶5             The State indicted Menyongari for burglary in the third degree, a Class 4 felony; possession and use of dangerous drugs, a Class 4 felony; and possession of drug paraphernalia, a Class 6 felony.  Following Menyongari's arraignment, he moved for a competency hearing pursuant to Arizona Rule of Criminal Procedure ("Rule") 11.  After considering reports from mental health experts who examined Menyongari, the trial court found him competent to stand trial.

¶6             After the State rested its case-in-chief, Menyongari moved for a judgment of acquittal pursuant to Rule 20.  The court denied the motion.  The jury later found Menyongari guilty of burglary in the third degree but not guilty of the other two offenses.  The trial court suspended imposition of sentence and placed Menyongari on probation for three years.[1]

¶7             We have jurisdiction of Menyongari's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8             The court has reviewed and considered counsel's brief.  The court has searched the entire record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1990) (providing guidelines for briefs when counsel has determined no arguable issues to appeal).  Searching the record and reviewing the briefs reveals no reversible error.  The record shows Menyongari was represented by counsel at all stages of the proceedings and counsel was present at all critical stages.  All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The sentence imposed was within the statutory limit.

## CONCLUSION

¶9             For the reasons stated herein, we affirm Menyongari's conviction and resulting sentence.

¶10             Upon filing of this decision, defense counsel is directed to inform Menyongari of the status of his appeal and of his future options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

---

[1] The three-year probationary period was to begin following Menyongari's release from a prison sentence imposed in another case, CR2019-12166-001.

Menyongari shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA